**Steven S. HUBBARD; Kathleen M. Hubbard, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 05–35160.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 26, 2006.

Filed Dec. 1, 2006.

Don Paul Badgley, Esq., Duncan Calvert Turner, Esq., Badgley Mullins Law Group, PLLC, Seattle, WA, for Plaintiffs–Appellants.

Robert P. Brouillard, Esq., USSE—Office of the U.S. Attorney, Seattle, WA, Joan I. Oppenheimer, Esq., Richard Farber, Esq., DOJ—U.S. Department of Justice Tax Division, Washington, DC, for Defendant–Appellee.

Before: GOODWIN and KOZINSKI, Circuit Judges, and SHADUR *, Senior District Judge.

### MEMORANDUM **

Steven Hubbard appeals the district court's grant of summary judgment for the government in this tax refund action. For reasons discussed below, we affirm.

Generally, the Internal Revenue Code recognizes two types of stock options: incentive stock options ("ISOs"), which are governed by I.R.C. §§ 421–422 (2004), and compensatory stock options, which are governed by I.R.C. § 83. The government contends that the options at issue here are ISOs, while Hubbard claims that they are compensatory stock options. We need not address the government's argument on ISO status, because Hubbard's appeal fails even if the options are governed by § 83.

Hubbard contends that his options were taxable in 1996, the tax year during which they were granted. Under § 83, options are taxable at the time of the grant if they have "readily ascertainable fair market value" at that time. I.R.C. §§ 83(a) & (e); 26 C.F.R. § 1.83–7(a). To establish that the options had readily ascertainable value at the time of the grant, the taxpayer must show that they met *all* of the following conditions:

(i) The option is transferable by the optionee; (ii) The option is exercisable immediately in full by the optionee; (iii) The option or the property subject to

the option is not subject to any restriction or condition ... which has a significant effect upon the fair market value on the option; and (iv) The fair market value of the option privilege is readily ascertainable in accordance with paragraph (b)(3) of this section.

*Cramer v. Commissioner,* 64 F.3d 1406, 1411–12 (9th Cir.1995) (quoting 26 C.F.R § 1.83–7(b)(2)) (omission in original).

Here, Hubbard cannot show that the options were transferable at the time of the grant, or that the options were not subject to restrictions that would significantly impact their market value. The purchase agreement provides: "This Option may not be transferred in any manner other than by will or by the laws of descent or distribution, and may be exercised during the lifetime of Optionee Only by the Optionee." (Excerpts of Record ("ER") 148.) Accordingly, Hubbard's options did not have "readily ascertainable fair market value" under the criteria set forth in 26 C.F.R § 1.83–7(b)(2).

Property is considered transferable only if the transferee's rights "are not subject to a significant risk of forfeiture." 26 C.F.R. § 1.83–3(d). Given the agreement's restrictions on transfers, any lender who accepted the options as collateral would be assuming a significant risk of forfeiture. The conditions of 26 C.F.R. § 1.83–7(a) & (b) simply have not been met.

AFFIRMED.

---

* The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.